

1
2
3
4
5
6
7

8        # UNITED STATES DISTRICT COURT

9        # SOUTHERN DISTRICT OF CALIFORNIA

10   AMIN ABDULLAH-CLARKE              Civil No.    08-0882 DMS (WMc)
     aka ANTHONY CLARK,
11   CDCR #C-84681,

12                        Plaintiff,   **ORDER:**

13                                     **(1)  GRANTING MOTION TO
                                       PROCEED *IN FORMA PAUPERIS*,**
14                                     **IMPOSING NO INITIAL PARTIAL
                 vs.                   FILING FEE, GARNISHING $350**
15                                     **FROM PRISONER'S TRUST
                                       ACCOUNT [Doc. No. 2]; AND**
16
17   VICTOR ALMAGER; NASARIA           **(2) DIRECTING U.S. MARSHAL TO
     BARRERAS; ALAN HERNANDEZ;         EFFECT SERVICE OF SUMMONS**
18   DOUG DEGEUS; DR. ALLEN;           **AND COMPLAINT PURSUANT TO
     DR. ROBINSON; DR. ARMENTA,        Fed.R.Civ.P. 4(c)(2)**
19                                     **AND 28 U.S.C. § 1915(d)**
                         Defendants.
20
21

22        Amin Abdullah Clark, aka Anthony Clark ("Plaintiff"), a prisoner currently incarcerated

23   at California State Prison, Los Angeles County located in Lancaster, California, and proceeding

24   pro se, has submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not

25   prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to

26   Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

27   ////

28   ////

# I.

## Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. The Court has now reviewed Plaintiff's trust account statement and finds that Plaintiff has insufficient funds from which to pay any initial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

////

////

1
2

## II.

## Sua Sponte Screening per 28 U.S.C. §§ 1915(e) and 1915A

3    The PLRA also obligates the Court to review complaints filed by all persons proceeding

4  IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

5  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

6  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

7  practicable after docketing."   *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these

8  provisions, the Court must sua sponte dismiss complaints, or any portions thereof, which are

9  frivolous, malicious, fail to state a claim, or which seek damages from defendants who are

10  immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27

11  (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000)

12  (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

13  § 1915A).  "[W]hen determining whether a complaint states a claim, a court must accept as true

14  all allegations of material fact and must construe those facts in the light most favorable to the

15  plaintiff."   *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

16  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

17    Here, the Court finds that the retaliation claims in Plaintiff's Complaint are sufficient to

18  survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore,

19  Plaintiff is entitled to U.S. Marshal service on his behalf.  *See Lopez*, 203 F.3d at 1126-27;  28

20  U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all

21  duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United

22  States marshal, deputy Untied States marshal, or other officer specially appointed by the court

23  ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

24  Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is

25  cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant]

26  may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

27
28

### III.

### Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).    ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    The Clerk of the Court is directed to serve a copy of this order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

4.    The Clerk shall issue a summons upon Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, and certified copies of his Complaint and the summons for purposes of serving each of these Defendants.  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.  Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

////

////

1      5.    Defendants are thereafter **ORDERED** to reply to the Complaint within the time

2  provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C.

3  § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to

4  any action brought by a prisoner confined in any jail, prison, or other correctional facility under

5  section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C.

6  § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face

7  on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits,"

8  Defendants are required to respond).

9      6.    Plaintiff shall serve upon Defendants or, if appearance has been entered by

10  counsel, upon Defendants' counsel, a copy of every further pleading or other document

11  submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

12  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

13  of any document was served on Defendants, or counsel for Defendants, and the date of service.

14  Any paper received by the Court which has not been filed with the Clerk or which fails to

15  include a Certificate of Service will be disregarded.

16

17  DATED:  July 22, 2008

18  _____

19  HON. DANA M. SABRAW
      United States District Judge